**Sol FANBURG**

v.

**CITY OF CHATTANOOGA, a municipal corporation of Tennessee, et al.**

**Civ. A. No. 4960.**

United States District Court,
E. D. Tennessee, S. D.

Jan. 26, 1968.

Tollett J. Swafford, Excell Eaves, Chattanooga, Tenn., for plaintiff.

Ellis K. Meacham, Chattanooga, Tenn., for City of Chattanooga.

Morgan & Garner, Chattanooga, Tenn., for James "Bookie" Turner.

Schoolfield & Taylor, Chattanooga, Tenn., for Charles W. Bonner.

## MEMORANDUM AND ORDER

ROBERT L. TAYLOR, District Judge.

Defendant, City of Chattanooga, has filed a motion for summary judgment or dismissal supported by answer and affidavits.

It is the theory of plaintiff, as set forth in the pretrial order, that on April 9, 1966, at approximately 9:00 A. M., Charles W. Bonner, who was a police officer employed by the defendant, City of Chattanooga, and while acting in the course of his duties as such police officer, was in the process of ticketing a motor vehicle whose operator had parked on the sidewalk in front of plaintiff's garage at 1409 McCallie Avenue, Chattanooga, Tennessee at the time the encounter took place between plaintiff and Officer Bonner. Defendant Turner was the duly elected and acting Commissioner of Fire and Police for the City of Chattanooga at the time the matters complained of occurred.

Plaintiff contends that he approached Officer Bonner, who was in the process of ticketing one of plaintiff's customers, and he was ordered to return to the garage property by Officer Bonner. Plaintiff contends that he obeyed the order, but when he was approximately eight feet away from the sidewalk, he was assaulted by Officer Bonner. After striking plaintiff a number of times, Officer Bonner took him to police headquarters and assaulted him again upon removing him from the police car. Plaintiff contends that Bonner was acting as an employee of said City of Chattanooga and was further acting under the direct supervision and control of the defendant Turner and that the action of Bonner was imputed to both the City of Chattanooga and to the defendant Turner.

Plaintiff further contends that he sustained multiple injuries to the head and facial fractures and is entitled to both compensatory and punitive damages from each of the defendants.

In another case in this District, in which the City of Loudon was a defendant, McArthur v. Pennington, D.C., 253 F.Supp. 420, this Court said, in part:

"The City of Loudon contends that it cannot be held as a matter of law for the alleged violation of plaintiffs' rights. (This was a case where the police officers of Loudon assaulted plaintiffs.) This phase of the case may be disposed of in short order. The City is right in this contention. It is not liable under the Civil Rights Statute. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492. Sires v. W. R. Cole et al. (C.A. 9, July 17, 1963) 320 F.2d 877." p. 421

Further:

"The Court has held that the officers were acting as agents and representatives of the City of Loudon in the commission of what the Court has held wrongful acts against these plaintiffs and if the City were an individual or corporation, or a partnership, it would be liable in damages for such actions. However, the City is immune from liability for wrongful actions of its policemen committed while in the performance of their duties unless the City has waived immunity for such actions by the carrying of liability insurance." p. 429

The record indicates that the City of Chattanooga was without insurance covering the claims of plaintiff. The motion of the City, therefore, must be sustained.

Congress did not undertake to bring municipal corporations within the coverage of the Civil Rights Act. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, 505.

Defendant Turner has likewise made a motion for summary judgment upon the ground that there is no genuine issue for determination; that he had no personal knowledge of any of the incidents leading up to the arrest and altercation described in the pre-trial order; that he did not direct or order the arrest or al-

tercation of the plaintiff and did not at any time confer with Officer Bonner in relation to the arrest and is not liable to plaintiff. He supports his motion by his own affidavit and those of Chief of Police McGovern and Captain Nelson.

Affiant Turner states that at no time preceding the arrest of plaintiff did he direct or order the arrest of Fanburg and did not confer with Bonner in relation to said arrest. Nor did he direct or order Officer Bonner to make the arrest and engage in the altercation that took place following the arrest.

The affidavit of Chief McGovern states that on April 8, 1966 (the arrest took place April 9, 1966) he advised Captain Nelson that a police officer was needed for a special traffic detail on McCallie Avenue. Captain Nelson inquired of Officer Bonner if he could perform the detail. He left the selection of the officer to perform the detail to Captain Nelson. Chief McGovern had no personal knowledge of the incidents leading up to the arrest and altercation. Chief McGovern was not directed or ordered by Commissioner Turner to arrest plaintiff and did not confer with Officer Bonner in relation to said arrest.

Officer Nelson, in his affidavit, stated that he was contacted by Chief McGovern on April 8, 1966 and directed to assign an officer to a special traffic detail on McCallie Avenue. He inquired if Officer Bonner would be suitable. The selection of Bonner was left to him. He instructed Bonner of his duties on the special detail. He had no special knowledge of what took place immediately preceding or at the time of the arrest. He was not directed or ordered by any of his superiors within the police department to arrest Fanburg and did not confer with Officer Bonner in relation to the arrest.

In his answer, Officer Bonner denies that he was under the direct supervision and control of defendant Turner. His direct superior was Captain Nelson. He denies that in making the arrest of plaintiff he acted in concert or conspired with any other person. He states that he was interfered with by plaintiff while performing his duties and that plaintiff attempted to draw a pistol on him, at which time he placed him under arrest.

In the discovery deposition, plaintiff stated that he had no knowledge of any witness that would testify that the City of Chattanooga, through its authorized representatives or otherwise, directed the arrest of plaintiff or the alleged assault which followed. He also testified in the discovery deposition that he knew of no witness who would testify in his behalf in that respect.

It is not claimed that Turner was present or personally participated in the arrest. Ordinarily, a chief of police or commissioner of police is not responsible for the acts of his subordinates unless he directs that such acts be done or personally cooperated in the offense. An officer acting under the general supervision of the chief is not sufficient to hold the chief of police or commissioner liable. Jordan v. Kelly, D.C., 223 F. Supp. 731.

In the absence of participation in conduct under color of law which deprives a plaintiff of rights, privileges and immunities secured to him by the Constitution, the chief of police or commissioner of police cannot be held liable for wrongful acts of his subordinates. Runnels v. Parker, D.C., 263 F.Supp. 271, 273.

In the opinion of the Court, the affidavits in support of the Turner motion and the absence of an allegation of fact by the plaintiff as a basis for liability against him, requires the Court to sustain the motion.