**Dianne MOON et al., Plaintiffs,**

**v.**

**Michael WINFIELD et al., Defendants.**

**No. 73 C 1855.**

United States District Court,
N. D. Illinois, E. D.

Dec. 7, 1973.

Thomas R. Meites, Robert C. Howard, Chicago, Ill., for plaintiffs.

William Leonard, pro se.

Edwin A. Gausselin, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

*Motion for Summary Judgment*

MAROVITZ, District Judge.

This is a civil action for damages based upon a case of alleged police brutality, and predicated on the Fourth, Fifth, and Fourteenth Amendments to the U. S. Constitution and 42 U.S.C. § 1983. The defendants in this case are Michael Winfield, the patrolman charged with the actual brutalization; William Leonard, the patrolman who, it is alleged, witnessed Winfield's actions but did nothing to prevent or halt them; and James B. Conlisk, Jr., Superintendent of Police of the City of Chicago at the time of the foregoing occurrence and for some time prior thereto. Of Conlisk, the plaintiffs complain as follows:

At the time of the foregoing occurrence and for some time prior thereto, defendant CONLISK was the Superintendent of Police of the City of Chicago, and had the duty to discipline and control Chicago police officers and to initiate discharge proceedings against officers whose conduct warranted termination of their police employment. On information and belief, prior to the occurrence set forth above defendant WINFIELD had been the subject of a large number of complaints of abusive conduct· toward citizens and otherwise had complied an employment history indicating that he was likely to engage in abusive conduct toward citizens. Despite having notice of WINFIELD's complaint record and employment history, CONLISK failed to seek WINFIELD's discharge, to assign him to duties in which he would not have the opportunity to mistreat citizens, or otherwise to prevent WINFIELD from engaging in abusive conduct toward citizens.

## I.

Defendant Conlisk now moves for summary judgment, stating as grounds therefore: (1) that he did not personally participate in or direct Winfield's beating of the Moons, (2) that the doctrine of *respondeat superior* does not apply in a § 1983 action, and (3) that Conlisk may not be held accountable in this cause of action for damages under the Civil Rights Act for his alleged failure to train, supervise, or discipline the defendants who were employed by the City of Chicago.

Plaintiffs have no dispute with defendant Conlisk as to the first two grounds; however, the authorities are conclusive that Conlisk can be held liable under § 1983 for his own personal negligent conduct which was a proximate cause of the Moons' injuries. Byrd v. Brishke, 466 F.2d 6 (7th Cir. 1972); Schnell v. City of Chicago, 407 F.2d 1084 (7th Cir. 1969); Roberts v. Williams, 456 F.2d 819 (5th Cir. 1972); Whirl v. Kern, 407 F.2d 781 (5th Cir. 1969); Huey v. Barloga, 277 F.Supp. 864 (N.D.Ill.1967); Carter v. Carlson, 447 F.2d 358 (D.C.Cir. 1971).

The court in *Byrd* said, "We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who sum-

marily punish a third person in his presence or otherwise within his knowledge. That responsibility obviously obtains when the nonfeasor is a supervisory officer to whose direction misfeasor officers are committed." 466 F.2d at 11. The court said, too:

> Negligent liability generally arises in the context of affirmative action. The defendant is deemed culpable where he has acted and his acts do not conform to the standard of a reasonably prudent man as judged against the community ideal of reasonable behavior. See Prosser, Torts §§ 53, 54 (3d ed. 1964). The defendant is not usually held to be responsible for inaction. However, where the defendant is under some affirmative duty to act and he fails to act accordingly, he may be held negligently responsible for his omission. He is responsible if his omission is unreasonable in light of the circumstances. Huey v. Barloga, 277 F.Supp. 864, 872 (N.D.Ill.1967); see Symkowski v. Miller, 294 F.Supp. 1214, 1217 (E.D.Wis.1969).

That Conlisk had some affirmative duty is also clear. The Superintendent of Police has the duty and authority to make findings and impose penalties in misconduct cases. Conlisk's authority included the power to indefinitely suspend Winfield while seeking his discharge by the Police Board, or to assign Winfield "to some other duty where he is under close supervision and has limited contact with the public". General Order 67–21 (IV)(C) of the Police Department.

## II.

Plaintiffs have raised a genuine factual issue as to Conlisk's possible negligence in his failure to act. Based upon the Chicago Police Department documents that constitute the misconduct history and personnel file of defendant Winfield, charges have been set forth that within a two-week span, Conlisk had before him five separate misconduct complaints against Winfield which had been sustained by all subordinate investigation levels. Four of the cases concerned physical abuse or malicious or threatening conduct toward civilians. In two of the cases it had been found that Winfield committed crimes (perjury and battery) and his District Commander had recommended discharge. A third file warned that Winfield had been involved in a series of instances of "questionable mental stability."

While these files were personally before him, Conlisk also had notice of eight other misconduct complaints against Winfield. Conlisk further had notice that because of a preemployment assault conviction, the negative recommendation of a previous employer, and the falsification of his police application, it had been recommended under the administration of O. W. Wilson that Winfield not be employed as a policeman.

■ This court has no intention of pre-judging the case before us. It may well be that grounds will be developed in discovery and at trial which will exonerate defendant Conlisk from the allegations against him; we have no way to foresee what extenuating circumstances might have prevailed at the time. For purposes of this motion, however, it is possible that a jury might find that Conlisk unreasonably failed to fulfill his affirmative duties with respect to Michael Winfield, and that Conlisk's failure was a proximate cause of the injuries suffered by the Moons. Defendant's motion for summary judgment is denied.