**Dianne MOON et al., Plaintiffs,**

v.

**Michael WINFIELD, Police Officer Doe, and James B. Conlisk, Jr., Defendants.**

**No. 73 C 1855.**

United States District Court, N. D. Illinois, E. D.

May 10, 1974.

Thomas R. Meites, Robert C. Howard, Chicago, Ill., for plaintiffs.

William Leonard, Edwin A. Gausselin, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

### Motion for Summary Judgment

In this suit alleging police brutalization of several citizens, defendant Conlisk, Superintendent of Police of the City of Chicago at all times relevant to this action, seeks once again to have this court summarily grant judgment for him. (A full description of plaintiffs' grievances against movant Conlisk, and the court's opinion previously denying this defendant's motion for summary judgment, are found at 368 F.Supp. 843; a copy is attached hereto for convenience.) As grounds for renewing his motion, Conlisk submits additional evidence that he did act to have Officer Winfield discharged in C.R. #35411, and further claims that he did act to discipline Winfield in every instance of misconduct, and to have him removed from the ranks of the Chicago Police Department.

Plaintiffs respond that the scope of the facts in resolving this motion is not so narrow as to hinge upon Conlisk's action, or inaction, in performing "the ministerial act of requesting that sepa-

ration charges be drawn up", in that such an act "recognized Winfield's unfitness as a policeman yet allowed him to continue street duty . . . " Plaintiffs reiterate their theory that Conlisk has the affirmative duties of controlling the personnel of the Police Department, Police Board Rules and Regulations, § III; protecting the personal safety of persons in the community, Huey v. Barloga, 277 F.Supp. 864, 872 (N.D.Ill. 1967); and preventing the recurrence of unconstitutional police conduct, Schnell v. City of Chicago, 407 F.2d 1084 (7th Cir. 1969); and that Conlisk has breached this duty because, while knowing that Winfield was an imminent threat to the safety of citizens, the Superintendent nonetheless failed to suspend him or transfer him to non-sensitive assignment.

Defendant himself has cited Huey v. Barloga, *supra*, 277 F.Supp. at 870:

> To discharge this responsibility (the duty to maintain an orderly society) state and local officials must take *reasonable* steps to preserve law and order and to provide for the personal safety of individual members of society. (Emphasis provided by defendant.)

We do not quarrel with the contention that only "reasonableness" is required; however, it does seem clear that it is still possible for a jury to find that Conlisk *unreasonably* failed to fulfill his duties in light of the information he had before him. As we said in our last opinion:

> This court has no intention of prejudging the case before us. It may well be that grounds will be developed in discovery and at trial which will exonerate defendant Conlisk from the allegations against him; we have no way to foresee what extenuating circumstances might have prevailed at the time. For purposes of this motion, however, it is possible that a jury might find that Conlisk unreasonably failed to fulfill his affirmative duties. . . . 368 F.Supp. at 845.

Therefore, we again dutifully decline to grant defendant's motion for a summary judgment.