**Willie SMITH, Plaintiff-Appellee,**

v.

**Bobby HEAROD et al., Defendants,**

**Bobby Hearod and Bertrand Dugas,
Defendants-Appellants.**

**No. 73-2758.**

United States Court of Appeals,
Fifth Circuit.

Aug. 9, 1974.

George M. Leppert, G. Wray Gill, Sr., New Orleans, La., for Hearod and Dugas.

Richard G. Steiner, Gretna, La., for Walter J. LeBla.

Joseph F. Bishop, Jr., Valentine K. Scheurich, III, New Orleans, La., for plaintiff-appellee.

Before GEWIN, THORNBERRY and SIMPSON, Circuit Judges.

THORNBERRY, Circuit Judge:

Willie Smith sued Bobby Hearod and Bertrand Dugas, members of the Gretna, Louisiana, police force, for damages under 42 U.S.C.A. § 1981 et seq. as a result of personal injuries sustained by Smith in an altercation that occurred when the two officers attempted to arrest him. The jury found for Smith, and the defendants appeal, charging error in the refusal to give requested jury charges, prejudicial comments by the district court during the course of the trial, and erroneous denial of the motion for a new trial. We affirm.

The incident in question occurred on August 29, 1970, in the Gilnet Lounge in Gretna. Smith was employed as a janitor and general handyman at the lounge. He completed his duties at about noon but, after bringing the barmaid her lunch, remained at the lounge, allegedly in a drunken, boisterous state. Hearod and Dugas were summoned and attempted to arrest Smith, who resisted. There followed a fist fight, or, according to Smith, a beating, as a result of which Smith lost his left eye and contracted traumatic arthritis.

Smith based his case on the theory that Hearod and Dugas had used more than reasonable force in arresting him. Hearod and Dugas requested, but were refused, jury instructions pointing out that under Louisiana law an arrest is lawful if the officer has reasonable cause to believe that the arrestee has committed an offense and that, in the course of a lawful arrest, an officer may use reasonable force both to effect the arrest and to overcome any resistance or threatened resistance of the person being arrested. They assert that the refusal to so charge was reversible error. However, in view of the fact that Smith not only did not contest the defendants' right to arrest him but in fact specifically admitted that they had such a right,[1] it is difficult to imagine how the refusal to charge on the issue of lawful arrest could possibly have adversely affected the defendants. We would have to indulge two assumptions to find any harm. First we would have to assume that the jury might have found for plaintiff on the theory that the arrest was itself unlawful and thus justified the use of no force at all, not even reasonable force, even though Smith specifically abjured this theory and instead contended only that the force used was more than reasonably necessary to effect the arrest. Next we would have to assume that the jury was not correctly instructed on the issue of lawfulness of arrest, so that the refusal to give the requested (correct) instruction was harmful to the defendants' case.

Indulging these two assumptions for the moment, we must say that there are parts of the jury instructions that, when viewed out of context, indicate the possibility of prejudicial error. For example, the jury was instructed that they should

---

1. In closing argument Smith's attorney stated, "Officer Hearod had the right to use whatever force was necessary to conduct this arrest."

**665**

find for the plaintiff if they found "that the defendants did not act within the limits of their lawful authority. . . ." This would seem to be broad enough to permit a verdict for plaintiff either on the theory that the arrest itself was illegal or, alternatively, on the theory that the officers overstepped the law by using unreasonable force in the conduct of an otherwise legal arrest. Also, the district court charged the jury that an officer may legally arrest "those persons who have committed offenses," possibly creating the erroneous impression that the legality of the arrest depends on the guilt or innocence *in fact* of the arrestee rather than on the existence, at the time of arrest, of reasonable cause to believe that the arrestee has committed an offense. Viewed in isolation, these two parts of the jury charge might have opened the way for the jury erroneously to find for Smith on the theory that the arrest was illegal because Smith was not in fact guilty of an offense. If there were any substantial chance that the jury did so, then the refusal to give a correct charge on lawful arrest might amount to reversible error. Under the circumstances, however, there is no substantial chance that this theory underlies the verdict.

In assessing the jury charge we must view it as a whole. Bolden v. Kansas City Southern Ry., 5 Cir. 1972, 468 F.2d 580; Delancey v. Motichek Towing Service, Inc., 5 Cir. 1970, 427 F.2d 897. If the charge in general correctly instructs, then even though a portion is technically imperfect no harmful error is committed. Troutman v. Southern Ry., 5 Cir. 1971, 441 F.2d 586, cert. denied, 404 U.S. 871, 92 S.Ct. 81, 30 L. Ed.2d 115. Viewing the charge as a whole, we find that it reflects the tenor of the trial, which was that Smith's recovery depended on a finding of unreasonable force and not on a finding of illegality of the arrest. Key instructions rest on the assumption that the arrest was lawful.[2] Also, the jury was instructed to presume that the law was obeyed,[3] and, although the examples used focused on peaceful submission to arrest and the use of only reasonable force to make an arrest, the presumption is broad enough to cover the lawfulness of the arrest itself. Therefore we are to assume that the jury followed its instructions and presumed the lawfulness of the arrest. Tucker v. Bethlehem Steel Corp., 5 Cir. 1971, 445 F.2d 390. This presumption was not rebutted, since Smith specifically conceded that the arrest was lawful. The presumption being unrebutted, the jury must have treated the presumed lawfulness of the arrest as established. Furthermore, at

**2.** One central paragraph of the charge was as follows:

Unless the evidence in the case leads the jury to a different or contrary conclusion, the presumption is that the law has been obeyed. In other words, the presumption is that a person submits peaceably to a lawful arrest and that the person making the arrest used reasonable force to make it, unless the evidence leads the jury to a different conclusion. If there is evidence that leads the jury to conclude that a person did not submit peaceably to a lawful arrest, but, on the contrary, resisted the arrest or threatened to resist the arrest, the presumption is that the person making the arrest used reasonable force to overcome any resistance or threatened resistance of the person being arrested, unless the evidence leads the jury to a contrary conclusion. Any unreasonable use of force to effect an arrest when the person being arrested submits peaceably, and any unreasonable use of force to overcome any resistance or threatened resistance of the person being arrested, is beyond the bounds of lawful authority of the person making the arrest. Such unlawful exercise of authority deprives the person being arrested of a right, privilege, and immunity secured to him by the Constitution and the Civil Rights Act.

Later in the charge, the judge stated that

[t]he plaintiff had, even though he was being lawfully arrested for the commission of some offense or offenses, other liberties. . . . So, the plaintiff, even while being lawfully arrested, had the right under the federal constitution not to be deprived of this remaining liberty. . . .

There are a number of other parts of the charge that obviously rest on the assumption that the arrest was legal and reasonably convey that impression to the listener.

**3.** See n. 2, first example.

498 F.2d—42½

one point the judge virtually directed a finding of lawfulness of the arrest, saying that

> [t]he defendants had the lawful authority, indeed the lawful duty under state law, to use such physical force as may have been reasonably necessary to effect the arrest.

Also, in defining the limits of the "lawful authority" of the defendants, the court described the jury's task as finding

> whether, under the circumstances shown by the evidence in the case, the defendants acted within or without the bounds of their lawful authority under state law; *that is, whether they used reasonable or unreasonable force* in effecting this arrest of the plaintiff (emphasis added).

This appears to restrict the jury to the theory of reasonable force. Thus there is no substantial chance that the charge as a whole led the jury to find for Smith on the theory that the arrest itself was illegal. Rather, the jury must have found that, even though the arrest was legal, the force used was excessive. Therefore, the possible error in refusing to give a correct definition of "lawful arrest" was harmless, since its lawfulness was assumed.

■ Appellants' second point is that the judge's remarks to the jury that lawfulness of the arrest was not an issue were prejudicial to their case. Since we have found that lawfulness of the arrest was not a material issue to the only theory of recovery in the case—unreasonable force—and that, in any event, it was not an issue for the jury because Smith conceded the lawfulness of the arrest, we find no error in the judge's remarks.

■■ Finally, appellants assert that Smith committed perjury and that a key witness's testimony must have been mistaken. They cite as proof only the fact that there was contrary testimony from other witnesses. Mere conflict in the testimony, however, establishes neither perjury nor mistake; it merely creates

an issue for the jury to resolve in arriving at the facts. It was within the jury's province to credit testimony favoring Smith rather than that supporting the defendants.

Affirmed.