John DELANEY

v.

Robert DIAS.

James HAMILTON

v.

Nicholas CLINTON.

Nos. CA 75–4584–T, 75–4600–T.

United States District Court,
D. Massachusetts.

June 30, 1976.

Winston Kendall, Roxbury, Mass., for plaintiffs.

Gerard A. Powers, Asst. Corp. Counsel, City of Boston Law Dept., Boston, Mass., for defendants.

## OPINION

TAURO, District Judge.

These two cases have been brought under 42 U.S.C. §§ 1983 and 1988 for redress of deprivation of constitutional rights under color of state law. Plaintiffs in both cases claim that they were victims of undue force applied against them by defendant Boston police officers during arrests in September of 1975. Police Commissioner Robert J. di Grazia, although also named as a defendant in both complaints, is not alleged to have participated, or directly conspired, in the beatings described.

All defendants in CA 75–4584–T have moved to dismiss the complaint. Defendant di Grazia has, in addition, moved to dismiss the complaint in CA 75–4600–T. The officers in 75–4584–T have moved to dismiss on the grounds that the complaint fails to state sufficient facts upon which relief can be granted, and that the complaint is vague and conclusory. Defendant di Grazia claims that both suits should be dismissed as against him because he did not participate, directly or indirectly, in the acts complained of. This court will deny the motions to dismiss of the individual officers in CA 75–4584–T. The motions of defendant di Grazia, which will be treated as motions for summary judgment, will be allowed.

### I.

The court will turn first to the motions to dismiss of the four officers in CA 75–4584–T, Ryan, Dias, Cummings and Riley. They claim that "the complaint fails to state sufficient facts upon which relief can be grounded and . . . is vague, indefinite, non-specific and conclusory."

The facts alleged by the plaintiff Delaney in his complaint are that on September 2, 1975, at approximately 11:00 P.M. he was arrested by officers Cummings and Dias at 1820 Washington Street in the South End section of Boston. Plaintiff was charged with carrying a firearm, discharging a firearm, and assault with intent to murder. Plaintiff alleges that, while handcuffed, he was struck in the head by defendant Dias. After that, defendants Dias, Riley and Ryan allegedly punched the plaintiff numerous times causing him to fall face forward on the ground. The complaint contin-

ues, alleging that while on the ground plaintiff was repeatedly kicked by defendants in the body, and once in the right eye. Subsequently, the officers allegedly threw plaintiff into a police wagon and took him to the District Four Station where, despite his obvious need for medical attention, it was denied to him.

■ As to the officers alleged to have been directly involved, sufficient facts have been stated with specificity to carry this action over the motions to dismiss. Misconduct by police occurring during the performance of their duties is a proper basis for an action under 42 U.S.C. §§ 1983 and 1988. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). This is particularly true when excessive use of force is alleged. *Clark v. Ziedonis,* 513 F.2d 79 (7th Cir. 1975); *Smith v. Hearod,* 498 F.2d 663 (5th Cir. 1974); *Collum v. Butler,* 421 F.2d 1257 (7th Cir. 1970); *Morgan v. Labiak,* 368 F.2d 338 (10th Cir. 1966); *Basista v. Weir,* 340 F.2d 74 (3rd Cir. 1965). Even a legal arrest may be accompanied by excessive force which can form the basis for a subsequent action for damages under section 1983. *Williams v. Liberty,* 461 F.2d 325, 327 (7th Cir. 1972).

## II.

The suit against defendant di Grazia differs in that he is not accused of any direct involvement but rather of a failure to exercise proper control over the other defendants.

Defendant di Grazia has submitted an affidavit in both cases stating that he was not present at the scene of either of the alleged beatings. He further states that "[a]t no time prior to the filing of the complaint did I have any personal knowl-

edge of the actions alleged in the plaintiff's complaint. In addition, I never personally participated or directed any of the actions which the complaint alleges occurred . .. Also, I did not cooperate in any of the actions which the complaint alleges . .." On this basis, di Grazia has moved to dismiss.[1] Plaintiffs were given an opportunity to submit affidavits contesting the statements of defendant de Grazia, but have not done so. Since matters outside the pleadings have been presented to the court, this motion will be treated as one for summary judgment. Fed.R.Civ.P. 12(b).

Plaintiffs based their opposition to the motions to dismiss on a theory of personal misfeasance on the part of defendant di Grazia and on the doctrine of vicarious liability, or *respondeat superior.* This court has concluded that the great weight of authority runs against the plaintiffs on both points.

### A. *Personal Misfeasance.*

■ Public officials cannot be held liable for monetary damages under 1983 purely for an alleged failure to exercise proper supervisory control over their subordinates. Many cases, in the specific context of alleged abuse of police power, have held offending officers themselves liable, while dismissing complaints against superiors who had no personal involvement in the alleged misconduct. *Chestnut v. City of Quincy,* 513 F.2d 91 (5th Cir. 1975); *Jennings v. Davis,* 476 F.2d 1271 (8th Cir. 1973); *Love v. Davis,* 353 F.Supp. 587, 592 (D.La.1972); *Richardson v. Snow,* 340 F.Supp. 1261 (D.Md.1972); *Hampton v. City of Chicago,* 339 F.Supp. 695 (N.D.Ill.1972), *reversed and remanded on other grounds,* 484 F.2d 602 (7th Cir. 1973), *cert. denied,* 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974); *Fanburg*

---

1. The wording of defendant's motions to dismiss is somewhat confusing. In his motion in 75–4584–T he cites as his ground "that the complaint fails to state sufficient facts upon which relief can be grounded and that said complaint is vague, indefinite, non-specific and conclusory." In the motion in 75–4600–T defendant asserts as grounds for dismissal, lack of jurisdiction over the person and insufficiency of process, as well as failure to state suffi-

cient facts and vagueness. Defendant's brief in support of his motions, however, makes it clear that he is relying primarily on his claim that the plaintiffs have, in effect, failed to state a claim. Fed.R.Civ.P. 12(b)(6). In view of the court's disposition of these motions on this ground, it is unnecessary to examine defendant di Grazia's other asserted grounds for dismissal.

v. City of Chattanooga, 330 F.Supp. 1047, 1049 (E.D.Tenn.1968); Nugent v. Sheppard, 318 F.Supp. 314 (N.D.Ind.1970); Mack v. Lewis, 298 F.Supp. 1351 (D.Ga.1969); Patrum v. Martin, 292 F.Supp. 370 (D.Ky.1968). But see Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971), reversed on other grounds sub nom. District of Columbia v. Carter, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973).

■ This court's conclusion might well be different if there were an allegation that the defendant had some contact with the events at issue, either through direct knowledge of the abuses, or through some explicit or implicit policy which encouraged disregard for constitutional rights. See, e. g., Moon v. Winfield, 383 F.Supp. 31 (N.D.Ill. 1974), where a police chief was held liable under section 1983 for his failure, despite numerous complaints, to deal with the improper conduct of his subordinate co-defendant. No such facts have been alleged here, however.

The recent Supreme Court decision in Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561, 44 U.S.L.W. 4095 (1976), though not precisely in point, provides substantial guidance in this case. In Rizzo the district court had afforded a group of plaintiffs substantial equitable relief against the Mayor, the police commissioner and other officials of the City of Philadelphia for their failure to take action to stop or reduce misconduct by certain police officers who were not themselves named as defendants. In reversing, the Court found significant the fact that ". . . there was no affirmative link between the occurrence of the various incidents of police misconduct and the adoption of any plan or policy by petitioners—express or otherwise—showing their authorization or approval of such misconduct." 423 U.S. at 371, 96 S.Ct. at 604, 44 U.S.L.W. at 4098. In distinguishing the

prior case of Hague v. CIO, 307 U.S. 496 (1939) in which the Mayor and Chief of Police were held liable for police abuse of power the Court noted that in Hague "the adoption and enforcement of deliberate policies by the defendants there (including the Mayor and the Chief of Police) . . . .." made all defendants liable. Rizzo v. Goode, supra, 423 U.S. at 374, 96 S.Ct. at 605, 44 U.S.L.W. at 4099.

The most obvious difference between this case and Rizzo is that plaintiffs here seek monetary damages, not equitable relief. But plaintiffs' responsibility to state a claim is at least no less in this $2,000,000 damage suit than it would be if purely equitable relief were being sought.[2]

Further, the instant case, unlike Rizzo, does not allege a "pattern" of police misconduct from which it might be inferred that supervisory personnel with knowledge of widespread police misconduct were either ignoring or colluding in it.

■ Before a public official can be held liable for monetary damages on a theory of personal misfeasance under 42 U.S.C. § 1983, there must be an allegation of, at least, some participation or acquiescence—express or otherwise—in the constitutional deprivations complained of. The degree of alleged culpability specified by the plaintiffs in their complaints does not amount to personal misfeasance sufficient to state a claim under section 1983.

### B. Respondeat Superior.

■ Plaintiffs' assertion of the doctrine of respondeat superior, assuming arguendo that it is not foreclosed by Rizzo, is without factual basis. Defendant di Grazia is not the officers' employer. Police officers are considered public officers employed by the city or town they serve. Buttrick v. Lowell, 83 Mass. (1 Allen) 172 (1861). De-

2. The "failure to control subordinates" cases cited by the dissenting justices in Rizzo, relate mainly to equitable relief, not monetary liability. See, e. g., Inmates of Suffolk County Jail v. Eisenstadt, 494 F.2d 1196, 1199 (1st Cir.), cert. denied, 419 U.S. 977, 95 S.Ct. 239, 42 L.Ed.2d 189 (1974). In Wright v. McMann, 460 F.2d

126, 134–35 (2nd Cir.), cert. denied, 409 U.S. 885, 93 S.Ct. 115, 34 L.Ed.2d 141 (1972), however, the Court of Appeals did uphold monetary liability, but only after carefully noting the defendant Warden's actual as well as constructive knowledge of the abuse of the plaintiff's rights as a prisoner.

fendant di Grazia is in no sense in a master-servant relationship with the defendant officers. *See W. Prosser, The Law of Torts,* 458, *et seq.* (4th ed. 1971).

In addition, the policy behind the doctrine of *respondeat superior* is not served by holding defendant di Grazia liable.

> What has emerged as the modern justification for vicarious liability is a rule of policy, a deliberate allocation of a risk. The losses caused by the torts of employees, which as a practical matter are sure to occur in the conduct of the employer's enterprise, are placed upon that enterprise itself, as a required cost of doing business. They are placed upon the employer because, having engaged in an enterprise which will, on the basis of past experience, involve harm to others through the torts of employees, and sought to profit by it, it is just that he, rather than the innocent injured plaintiff, should bear them; and because he is better able to absorb them, and to distribute them, through prices, rates or liability insurance, to the public, and so to shift them to society, to the community at large.

*Id.,* at 459. Obviously none of these policy arguments would justify imposing a crushing monetary liability upon a police commissioner, who has merely an intermediate supervisory role in relation to the actual alleged wrongdoers. Significantly, the only case which plaintiff cites in support of his contention that *respondeat superior* applies in this situation, *Hill v. Toll,* 320 F.Supp. 185 (E.D.Pa.1970), imposed financial liability upon a bail bonding company which was the actual employer of the individuals who were charged with depriving the plaintiff of constitutional rights during the course of their employment.

Finally, the applicability of the doctrine of *respondeat superior* in section 1983 cases, even in appropriate fact situations, appears open to doubt. The First Circuit has said,

> . . . section 1983 actions . . . seem to contemplate only the liability of persons who have actually abused their positions of authority. It is doubtful that

persons can be vicariously liable under 1983. *See Sanberg v. Daley,* 306 F.Supp. 277, 278 (N.D.Ill.1969); *Salazar v. Dowd,* 256 F.Supp. 220, 223 (D.Colo.1966); *Jordan v. Kelly,* 223 F.Supp. 731, 738–39 (W.D.Mo.1963).

*Dunham v. Crosby,* 435 F.2d 1177 (1st Cir. 1970). *See also Jennings v. Davis, supra,* 476 F.2d at 1274; *Nugent v. Sheppard, supra,* 318 F.Supp. at 315.

In view of this court's conclusion that the allegations of the complaint fail to state a claim against defendant di Grazia under 42 U.S.C. § 1983, it is unnecessary to reach defendant's claim of immunity for discretionary acts taken in his role as a public official.

Summary judgment is also granted as to plaintiffs' pendent jurisdiction state cause of action against di Grazia. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Defendant di Grazia's motion, treated as a motion for summary judgment, will be allowed in both of the above cases. All the other motions to dismiss will be denied. An order will issue.