Toomey, J.
BACKGROUND
Plaintiffs complaint alleges his intentional beating and denial of medical treatment by police officers of the Sterling Police Department and the Commonwealth of Massachusetts State Police. Plaintiff also claims violations of his civil rights, under 42 U.S.C. 1983 and under the Massachusetts Civil Rights Act, G.L.c. 12, Secs. 11H & 111, by police officers. Finally, he asserts that the Secretary of the Executive Office of Public Safety failed properly to train the officers involved.
Defendants, Commonwealth of Massachusetts and Secretary Thomas C. Rapone, Executive Office of Public Safety, have now moved, in accordance with Mass.R.Civ.P. 12(b)(6), to dismiss the plaintiffs third amended complaint. Defendants also seek to amend the plaintiffs complaint to substitute the present Secretary of the Executive Office of Public Safety due to the retirement of the former Secretary, Thomas C. Rapone. The defendants further contend that Secretary Rapone is being sued in his official capacity and, therefore, is entitled to the protection of the doctrine of qualified immunity. Next, defendants argue that plaintiff, alleging a respondeat superior theory, has sued Secretary Rapone under 42 U.S.C. Sec. 1983 and G.L.c. 12, Secs. 11H & 111 as to which liability will not lie. Finally, defendants assert that plaintiff has alleged only intentional torts by Commonwealth employees for which conduct the Commonwealth is not liable.
DISCUSSION
A. Substitution of a Party Defendant
The defendants allege that Secretary Rapone is not the proper party to this action as he has since resigned and the present Secretary of Public Safety should be substituted in his place. Rule 25(D)(1) of the Massachusetts Rules of Civil Procedure provides that, when a public official has been sued in his official capacity but, during the pendency of that action, resigns, the defendant’s successor is automatically substituted in his place. The substitution is, of course, only mandated if the public official is sued in his official capacity. Accordingly, the threshold inquiry is whether or not the plaintiff has sued the Secretary in his official capacity.
In determining whether an official is sued in his official capacity, judicial focus is directed upon the existence, vel non, of a claim that the “official policy is responsible for the deprivation” of the plaintiffs rights. Monell v. Department of Social Services of New York, 436 U.S. 658, 689, 98 S.Ct. 2018, 2035 (1978). At bar, paragraph 26 of plaintiffs complaint alleges that the abuse to which the plaintiff was subjected was “consistent with the institutionalized practices” of the Department of Public Safety and was condoned and affirmed by its Secretary. That allegation is tantamount to a claim against the policies of the Department of Public Safety and suggests that the suit has been brought against the public official in his official capacity.
Treating the motion to dismiss as a motion to substitute a party defendant pursuant to Mass.R.Civ.P. 25(d)(1), the motion is ALLOWED and the complaint shall, in accordance with Mass.R.Civ.P. 25(d)(2), hereinafter refer to the “Secretary, Executive Office of Public Safety,” in lieu of “Thomas C. Rapone,” as a party defendant.
B. Qualified Immunity
Defendants next contend that, insofar as Secretary Rapone is also being sued in his individual capacity he is entitled to qualified immunity, or “good faith” immunity, which precludes “liability for mere negligence or errors in the exercise of judgment and discretion in the discharge of his duties.” Gildea v. Ellershaw, 363 Mass. 800, 822 (1973).
Qualified immunity, as a defense, is available to public officers who are “acting in good faith, without malice, and without corruption.” Id. To defeat the defense of qualified immunity, the plaintiff must allege that:
the defendant knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the plaintiff, or, if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury.
Harlow v. Fitzgerald, 457 U.S. 800, 815, 102 S.Ct. 2727, 2736 (1982). But plaintiff cannot prevail if all he does is assert malice because, “bare allegations of malice will not suffice.” Id. at 817. Additionally, there must be an assertion by plaintiff of a causal connection or an ‘affirmative link’ between the acts or omissions of the defendant and the harm to the plaintiff. Priestly v. Doucette, 1 Mass. L. Rptr. No. 20, 415 (Mass. *2 Super. 1993), quoting Gutierrez-Rodriquez v. Cartagena, 882 F.2d 553 (1st Cir. 1989). The assertions in the instant complaint are insufficient with respect to defendant’s scienter, malice and causative impact.
Furthermore, the defense of qualified immunity will succeed if the plaintiff has only alleged negligence in the exercise of discretionary authority. Gildea, supra, 363 Mass. at 822. Discretionary authority exists whenever “the law fails to specify the precise action that the official must take in each instance.” Breault v. Chairman of Board of Fire Commissioners, 401 Mass. 26, 33 (1987). In Breault, the Supreme Judicial Court denied immunity to the defendant because the defendant “enjoyed no discretionary authority” not to rehire the plaintiff after a leave of absence as a Massachusetts statute required. The Court found the defendant had acted solely in a ministerial capacity and was, therefore, not entitled to shield himself with immunity. At bar, however, the clear import of plaintiffs claim is that defendant abused his discretion.
The plaintiff, in Paragraph 26 of his complaint, alleges that the Secretary took no steps to prevent the type of “misconduct” which the plaintiff allegedly endured. Additionally, in Paragraph 27, plaintiff claims that the Secretary did not discourage the unlawful use of excessive force. Those allegations of secretarial wrongdoing constitute allegations that the Secretary’s discretion was implicated and abused. The plaintiff has pointed to no particular regulation, policy, or statute which would render the Secretary’s acts, which the plaintiff claims to be negligent omissions, ministerial in nature. The complaint must be viewed, therefore, as resting upon a misuse, by the Secretary, of his discretion.
The motion to dismiss the amended complaint, as thus substituted, shall be ALLOWED, insofar as the motion seeks dismissal of the complaint against “Secretary, Executive Office of Public Safety” in his individual capacity for the reason that the cause of action is grounded in the Secretary’s discretionary conduct as to which qualified immunity operates to bar recovery by the plaintiff. Gildea v. Ellershaw, 363 Mass. 800, 822 (1973).
C. Sovereign Immunity
Assuming, arguendo, that the complaint seeks relief against the Secretary in his official capacity only, the inquiry turns to whether the plaintiffs complaint should be dismissed on grounds of sovereign immunity, as the Commonwealth has not consented to suit. If Secretary Rapone is sued in his official capacity, for negligence within the scope of his employment, then the action is, at bottom, one seeking governmental liability. Breault, supra, 401 Mass. at 42. Chapter 258, Section 2 of the Massachusetts General Laws exposes governmental employers to liability, not to exceed $100,000.00, on account of injury caused by the negligence of public employees. The government, therefore, has indeed consented to suit in certain instances.
Section 10 of chapter 258 of the General Laws, however, outlines other instances where the governmental entity is not liable-for the acts of its employees, and immunity for the governmental entity would apply. One such instance of governmental immunity occurs when the employees’ acts or omissions, which allegedly caused the plaintiffs injuries, occurred during the exercise or the failure to exercise, within the scope of his employment, a discretionary function, “whether or not the discretion was abused.” G.L.c. 258, Sec. 10(b).
As noted, supra, the plaintiff has identified no particular regulation, policy, or statute that would render the Secretary’s acts, which the plaintiff now claims to be negligent omissions, ministerial in nature. The plaintiffs cause of action is grounded upon the Secretary’s discretionary acts. Accordingly, the discretionary character of the Secretary’s conduct and the fact that the Commonwealth has not consented to suit require the conclusion that sovereign immunity is implicated and provides a complete defense for the Secretary, qua defendant, in his official capacity.
The motion to dismiss the amended complaint, as thus substituted, shall be ALLOWED insofar as the motion seeks dismissal of complaint against the “Secretary, Executive Office of Public Safety,” in his official capacity, for the reason that such an allegation is, in substance, against the Commonwealth as to which sovereign immunity operates to preclude liability.
D. Respondeat Superior
The defendants have moved to dismiss the complaint on the grounds that plaintiff has sued the Commonwealth and the Secretary under a respondeat superior theory of recovery, seeking thereby to hold the employer vicariously liable for the acts of its employees. The motion advances the proposition that such a theory of liability is contrary to law. The plaintiff, on page 2 of his memorandum in opposition to the defendants’ motion to dismiss, concedes that an action grounded in a respondeat superior theory would not succeed as against the Secretary. That concession is appropriate because public officials cannot be held liable for “failure to supervise, correct and control the actions of their subordinates.” Dobos v. Driscoll, 404 Mass. 634, 662 (1989), citing; Delaney v. Dias, 415 F.Supp. 1351, 1353 (D. Mass. 1976).
Having thus been denied a respondeat superior route, the plaintiff must instead rely upon a theory of liability grounded upon the direct knowledge by the supervisor of the alleged abuse, or an
explicit or implicit policy which encourages disregard for constitutional rights. Further, .. . [plaintiff must] allege a pattern of police misconduct from which it might be inferred that supervisory person *3 nel, with knowledge of widespread police misconduct were either ignoring or colluding in it.
Id. at 1354. Plaintiff has indeed alleged, in paragraph 27 of his complaint, that the defendant, Secretary, was aware of the “vicious propensities” of the officers involved and that the plaintiff knew of two other incidents where other arrestees were beaten by the referenced officers. But that allegation is brought against the Secretary in his individual capacity, and, as concluded supra, the Secretaiy, qua individual, enjoys the protection of qualified immunity.
Therefore, the motion to dismiss the amended complaint, as substituted, shall be ALLOWED insofar as the motion seeks dismissal of the complaint against the “Secretary, Executive Office of Public Safety,” not under a respondeat superior theory of recovery, but for the reason that the complaint alleges that the Secretary was a perpetrator of the claimed harm, as to which allegation the Secretary is entitled to the protection of qualified immunity.
E. Intentional Torts
The Commonwealth contends that the plaintiff has alleged only intentional torts by the other defendants and, accordingly, the Commonwealth is immune from liability for the actions of those employees. In regard to the Secretaiy, the plaintiff alleged an omission to act in the course of a discretionary function, as to which sovereign immunity would apply. In regard to the individual officers involved, the plaintiff has alleged that their acts were intentional, thus relieving the Commonwealth, it contends, from liability for damages and leaving plaintiff to seek a remedy against the officers individually. G.L.c. 258, Sec. 10(c) (the Massachusetts Tort Claims Act).
The fulcrum question, then, is whether the plaintiff has asserted intentional misconduct by the officers. “Intentional” is defined, for Tort Claims Act purposes, as:
. . . the actor desires to cause the consequences of his act, or that he believes that the consequences are substantially certain to result from it. Specific intent is not essential... [it is] that degree of intent which makes persons responsible for the natural consequences of their action.
Breault, 401 Mass. at 36 n.12. If the plaintiff has alleged conduct that fairly falls within that definition, then Section 10(c) relief must be offered to the Commonwealth.
The plaintiff has alleged that the officers involved had “vicious propensities” (Complaint, paragraph 27), that the plaintiff was kicked in the face and shoved to the ground (Complaint, paragraph 18), that the officers exhibited the plaintiffs bloodied face to other officers (Complaint, paragraph 19), and that the officers denied the plaintiffs request for medical attention. (Complaint, paragraph 21). Those acts, if true, are not careless, but constitute conduct undertaken with intent to harm the plaintiff. By its terms, the complaint does indeed accuse the individual actors of intentional misdeeds, and the Commonwealth is, therefore, relieved, by operation of Sec. 10(c), of liability.
The motion to dismiss the amended complaint, as substituted, shall be ALLOWED insofar as the motion seeks dismissal of the complaint against the Commonwealth of Massachusetts for the reason that the plaintiff seeks recovery on account of the intentional misconduct of the Commonwealth’s employees as to which misconduct the Commonwealth is insulated from liability by the Tort Claims Act. G.L.c. 258, Sec. 10(c).
CONCLUSION
The defendant’s motion to substitute the present Secretary of the Executive Office of Public Safety is allowed as the plaintiff has sued the Secretary in his official capacity and, in that circumstance, the proper party is the present Secretary of the Department of Public Safety.
Additionally, the Secretary is being sued, in both his official capacity and his individual capacity, for omission to perform a discretionary function and he is, therefore, immune from suit, even if he abused that discretion. Defendant’s motion to dismiss the complaint against the Secretaiy is allowed by reason of the doctrine of qualified immunity. The defendant’s motion to dismiss the complaint against the Commonwealth for the acts of the Secretary is allowed under the doctrine of sovereign immunity.
The contention that the plaintiffs suit is grounded in a respondeat superior theory of recovery is without merit. The plaintiff has alleged that the pattern of police misconduct was actually known to the Secretary. The plaintiff has thus sued the Secretary as a perpetrator and not as a “superior.” Suit against the Secretary as a perpetrator is barred due to the protection afforded him by the doctrine of qualified immunity and the complaint against him as an individual must, accordingly, be dismissed.
Finally, the plaintiff has alleged that the acts of the defendant police officers were intentional. Intentional acts by governmental employees strip the employees of the shield of the sovereign, but immunity is afforded to the governmental entity. Therefore, the defendant’s motion to dismiss the complaint against the Commonwealth is allowed, as the Commonwealth is not liable for the intentional wrongs of its employees.
ORDER
For the foregoing reasons, the motion to dismiss of the Secretary, Executive Office of Public Safety, and the Commonwealth of Massachusetts is ALLOWED. Otherwise the motion is DENIED.