Anthony CAPERCI et al., Defendants, Appellants,

v.

Earl P. HUNTOON, Jr., et al., Plaintiffs, Appellees.

No. 7092.

United States Court of Appeals. First Circuit.

Heard June 4, 1968.

Decided July 11, 1968.

Certiorari Denied Nov. 12, 1968. See 89 S.Ct. 299.

Raymond F. Barrett, Quincy, Mass., with whom Stephen T. Keefe, Jr., Quincy, Mass., was on brief, for appellants.

Paul T. Smith, Boston, Mass., with whom Manuel Katz, Boston, Mass., was on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Plaintiff Huntoon in October 1960 was a sergeant on the police force of the City of Quincy. A serious difference of opinion (whether personal, or in the line of duty, depends upon whose testimony one accepts) arose between him and other members of the force. On October 14 he was arrested and detained at the police station. Other members of the force, supported by a warrant, then visited his home and conducted a search. The search markedly exceeded the bounds of the warrant. Nothing was taken.

At 10:30 that evening two members of the police force, accompanied by a civilian, returned to plaintiff's home and demanded admission. Upon being admitted they searched the deep freezer in the basement. Again, nothing was taken. Later, at 1:30 a.m., a substantial number of police officers came to plaintiff's home and demanded admission. At this time they conducted a rigorous search and removed over 200 articles, ranging from shoe laces and shirts to pencils and tools. Concededly, on neither of these latter occasions did they have a warrant or any

probable cause entitling them to obtain one. Much less did they have a right to enter and search, unless upon actual consent.

While plaintiff remained in custody, in his home during all three searches were his wife, the co-plaintiff herein, and a 14-year old daughter. In due course the plaintiffs brought the present action for violation of civil rights, 42 U.S.C. § 1983, against all the police officers participating. After an extensive trial the jury returned a number of special verdicts in favor of the plaintiffs to the effect that no consent had been given, and for general and punitive damages.[1] On this appeal defendants briefed a number of matters, but at oral argument waived all issues except damages. This, in turn, must mean punitive damages; we perceive no other question.

On the issue of punitive damages under the Civil Rights Act of 1871 there is no great amount of authority. It is true that in Massachusetts punitive damages are not normally recoverable.[2] However, we believe, on balance, that the remedial purpose of the Act is better served by not permitting local variations allowing diminution of the amount of recovery. Rather, we will look to federal common law. Basista v. Weir, 3 Cir., 1965, 340 F.2d 74; Mansell v. Saunders, 5 Cir., 1967, 372 F.2d 573; cf. J. I. Case Co. v. Borak, 1964, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423.

As to whether punitive damages were warranted in this case, defendants argue that police officers "acting in good faith and with no evil intent * * should not be subject * * * to punitive damages." We agree with the principle. There was ample evidence, however, warranting a finding that the defendants did not come within it. The female plaintiff's concession that defendants "acted like gentlemen" did not mean

that their conduct was not an outrageous invasion of plaintiffs' privacy without color of right and for an improper motive. The court instructed the jury with care. There was no error.

Affirmed.

1. Some special verdicts were in favor of some defendants. As to these no questions are raised.

2. Or, as has been said, are not recoverable "unless authorized by statute." City of

Lowell v. Massachusetts Bonding & Ins. Co., 1943, 313 Mass. 257, 269, 47 N.E. 2d 265, 146 A.L.R. 750. See also Note, Punitive Tort Damages in New England, 41 B.U.L.Rev. 389, 390 (1961).