Steve J. **BEVERLY**, Plaintiff-Appellee,

v.

William Howard **MORRIS** and E. C. Williams, Chief of the City Police of the City of Jesup, Georgia, Defendants-Appellants.

No. 71–2720.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1972.

William A. Zorn, Jesup, Ga., for E. C. Williams and Wm. Howard Morris.

J. Alvin Leaphart, Jr., Jesup, Ga., for Conner, Warren and U. S. Fidelity.

Frank W. Seiler, Walter C. Hartridge, II, Savannah, Ga., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, MOORE * and RONEY, Circuit Judges.

* Hon. Leonard P. Moore, of the Second Circuit, sitting by designation.

PER CURIAM:

E. C. Williams, the police chief of Jesup, Georgia, appeals from a jury verdict against him for damages. Plaintiff Beverly was arrested in Jesup, and while in custody, was injured when he was blackjacked by an auxiliary police officer. Beverly sued Williams on the theory that Williams was negligent in failing to train properly the auxiliary officer, to supervise his patrol duties, and to provide a regular police officer on duty the night of the assault. It is not argued on this appeal that the force used by the auxiliary police officer was justified.

Appellant Williams contends that (1) he was entitled to either a directed verdict or a judgment notwithstanding the verdict because of insufficiency of the evidence, (2) the court erred in charging the jury on the standard of care required of the police chief in the selection, training, and supervision of auxiliary police officers, and (3) the court did not properly charge the jury regarding the method of impeaching or discrediting a witness.

We have carefully reviewed appellant's contentions and find no error. (1) Substantial evidence supports the jury verdict which was rendered in response to special interrogatories. This case is not one of vicarious liability founded on the theory of *respondeat superior,* but is instead a claim founded upon the defendant's own negligence. The facts presented a jury question. (2) Although portions of the court's charge as to the requisite standard of care are questionable, the charge does not constitute reversible error when read as a whole, especially in view of the fact that the evidence shows a complete absence of any supervision or training of the auxiliary police officer. (3) The charge concerning impeachment of a witness by a conviction of a crime involving moral turpitude was directed to the testimony of one witness only to make clear that a conviction for drunkenness or the fact that the witness had been known to drink were not offenses which could be used for impeachment purposes in accord with the law.

Pursuant to Rule 31(c), F.R.A.P., the appeal of William H. Morris, the auxiliary police officer, is dismissed for lack of prosecution.

Affirmed.