Robert Louis STEPHENSON,
Plaintiff-Appellant,

v.

Walter GASKINS, Sheriff, Berrien County, Defendant-Appellee.

No. 75–4301
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 14, 1976.

Robert Louis Stephenson, pro se.

J. Reese Franklin, Nashville, Ga., for defendant-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Appellant brought this 42 U.S.C.A. § 1983 action against the sheriff of Berrien County, Georgia. The suit arose as a result of appellant's arrest December 17, 1973, on a charge of forgery. He was arrested pursuant to a lawful arrest warrant issued by a Justice of the Peace who set bond at $1,000. Subsequently on January 24, 1974, appellant was released from jail, but during the 38 day period appellant was neither granted bail nor was afforded a preliminary hearing. *See Gerstein v. Pugh,* 1975, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54. It is claimed that the sheriff's actions resulted in the false imprisonment of appellant in deprivation of his civil rights.

The district court granted the sheriff's Rule 12(b)(6) motion to dismiss holding that a sheriff is immune from suit under § 1983 when his actions are taken as an arm of the county court in carrying out its judicial function.

In the recent case of *Bryan v. Jones,* 5 Cir., 1976, 530 F.2d 1210 (en banc) this court recognized that in § 1983 false imprisonment suits, a sheriff is shielded by official immunity. This immunity, however, is qualified by the requirements that the sheriff not only must have acted in good faith, but also must have acted reasonably.

Because the sheriff's immunity is not absolute, the action of the lower court in granting the motion to dismiss was improper. As stated in the recent case of *Imbler v. Pachtman,* 1976, —— U.S. ——, 96 S.Ct. 984, 47 L.Ed.2d 128, 44 U.S.L.W. 4250 at fn. 13:

> The procedural difference between the absolute and the qualified immunities is important. An absolute immunity defeats a suit at the outset, so long as the official's acts were within the scope of the immunity. The fate of an official with qualified immunity depends upon the circumstances and motivations of his actions, *as established by the evidence at trial.* (emphasis added)

*See Dowsey v. Wilkins,* 5 Cir., 1972, 467 F.2d 1022, 1026.

Accordingly, we REVERSE and REMAND this case to the district court for further proceedings not inconsistent with this opinion and the recent opinion in *Bryan v. Jones,* (5th Cir. 1976) 530 F.2d 1210.