Andrew SIMS, Plaintiff-Appellant,

v.

C. L. ADAMS, III, et al., Defendants-Appellees.

No. 75–1693.

United States Court of Appeals, Fifth Circuit.

Aug. 25, 1976.

Margie P. Hames, Atlanta, Ga., for plaintiff-appellant.

Henry L. Bowden, Thos. F. Choyce, Atlanta, Ga., for Jenkins.

Guy J. Notte, Lithonia, Ga., for Adams.

Before DYER, CLARK and GEE, Circuit Judges.

GEE, Circuit Judge:

Plaintiff Andrew Sims filed a complaint alleging a claim under 42 U.S.C. § 1983 (1970) and claims for false arrest and false imprisonment in violation of Ga.Code Ann. §§ 105–901, 105–1001 (1968). The complaint alleges that Sims' constitutional rights were violated by an unlawful arrest and physical abuse on February 24, 1971. Defendants Brock, Adams, Zimmer, Ghettie, Norris, and Samples (the police defendants) were allegedly present and participat-

ing at various stages of the arrest and beating. The district court directed a verdict for Norris on all claims, for Zimmer, Ghettie, and Samples on the claims arising under state law, and in favor of plaintiff against Brock, who was in default. The jury assessed $350 compensatory and $350 punitive damages against Brock, and it found in favor of the remaining police defendants on all claims which reached it.

Sims' complaint also names several additional defendants (the supervisory defendants). The supervisory defendants are Massell (the mayor of Atlanta), Jenkins (the Atlanta chief of police), Williamson, Turner, and Fowler (members of the 1970 Police Committee of the Atlanta Board of Aldermen), and Stokes, Summers, and Fowlkes (members of the 1971 Police Committee). The complaint asserts liability against the supervisory defendants based on allegations that they subjected Atlanta citizens to a systematic pattern of racial violence by policemen. The complaint further alleges that the supervisory defendants knew or should have known of defendant Brock's prior violent misconduct against blacks, represented by pending complaints, and that they failed to discipline him or prevent further violence until after the February 24 incident.[1] Notwithstanding these allegations, the district court dismissed the supervisory defendants from the case in response to a motion under Fed.R.Civ.P. 12(b)(6). The district court reasoned that the complaint failed to state a claim against the supervisory defendants because it did not allege facts indicating any "personal participation" by these defendants.

■ Sims' principal argument on appeal is that it was improper to dismiss the supervisory defendants. We agree. The propriety of the dismissal must be judged by a standard all too familiar to appellate courts: a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim. *E. g., Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505 (5th Cir. 1971). The district court's error here stems from a misunderstanding of the nature of the "personal participation" required to establish a § 1983 claim.

■ The language of § 1983 requires a degree of causation as an element of individual liability, but it does not specifically require "personal participation."[2] The proper question is therefore whether the complaint adequately alleges the requisite causal connection between the supervisory defendants' actions and a deprivation of plaintiff's constitutional rights. "Personal participation" is only one of several theories which can be used to establish causation. *See Anderson v. Nosser*, 456 F.2d 835 (5th Cir.), *cert. denied*, 409 U.S. 848, 93 S.Ct. 53, 34 L.Ed.2d 89 (1972); *cf. Palmer v. Hall*, 517 F.2d 705, 708 (5th Cir. 1975) (by implication).

■ Another theory which includes the requisite causation is that a supervisory defendant is subject to § 1983 liability when he breaches a duty imposed by state or local law, and this breach causes plaintiff's constitutional injury. *See generally Roberts v. Williams*, 456 F.2d 819 (5th Cir.), *cert. denied*, 404 U.S. 866, 92 S.Ct. 83, 30 L.Ed.2d 110 (1971). We have previously sustained a judgment against a Georgia police chief on the theory that his improper performance

1. Sims' uncontradicted assertion is that all the supervisory defendants were aware of complaints against defendant Brock arising from two incidents occurring in December 1970—a beating of a black businessman and a fatal shooting of a black sailor. These details were not in the complaint and were called to the district court's attention only through briefs filed in support of motions to reconsider its dismissal of the supervisory defendants.

2. 42 U.S.C. § 1983 states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, *subjects, or causes to be subjected*, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (emphasis added)

of training and supervisory duties made him liable for a physical beating administered by a subordinate policeman. *Beverly v. Morris*, 470 F.2d 1356 (5th Cir. 1972).[3] We have also indicated, admittedly without reference to Georgia law, that a complaint alleging that a police supervisor has notice of past culpable conduct of his subordinates and has failed to prevent a recurrence of such misconduct states a § 1983 claim. *Chestnut v. City of Quincy*, 513 F.2d 91 (5th Cir. 1975) (by implication). *See also Moon v. Winfield*, 383 F.Supp. 31 (N.D.Ill.1974); *Smith v. Wickline*, 396 F.Supp. 555, 563 (W.D.Okla.1975) (dictum). This review of the pertinent law demonstrates that Sims' complaint states a cause of action against defendants Massell and Jenkins because they allegedly breached the duties of a mayor and a chief of police to control a policeman's known propensity for improper use of force. The status of the members of the 1970 and 1971 Police Committees is somewhat unclear. Their duty to discipline policemen allegedly arises under the Charter of the City of Atlanta, which the complaint asserts makes them, rather than the police chief, responsible for discipline by suspension in excess of five days or by discharge. The pertinent charter is not part of the record. In the absence of any argument that the complaint is inaccurate in its statement of the distribution of responsibilities under the charter, we believe that the complaint states a cause of action against the two Police Committees based on the breach of their duty to discipline policemen whose recent culpable conduct had been brought to their attention. However, fuller development of the pertinent charter on remand may indicate that the members of the Police Committees actually stand in a different posture than the mayor and the chief of police.

We do not believe that *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), casts doubt on the pre-existing principles which we apply here. Our conclusion that the complaint states a claim does not rest on generalized constitutional duties to prevent future police misconduct or to act in the face of a statistical pattern of misconduct. *See id.* at 375, 96 S.Ct. 598, 46 L.Ed.2d at 572. It does not involve any assertion of vicarious liability. Finally, this complaint does not seek equitable relief, and therefore it does not evoke those principles of comity and federalism implicated by injunctive relief which interjects a federal court into the supervision of a police department.

■ The supervisory defendants argue that the dismissal was nonetheless appropriate because they are shielded by the qualified immunity of *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), and *Bryan v. Jones*, 530 F.2d 1210 (5th Cir. 1976) (en banc). The qualified immunity or good-faith defense which these cases describe is one which turns on the circumstances and motivations of the defendant, and it therefore ordinarily requires some evidentiary showing. These doctrines would rarely, if ever, justify dismissing a complaint in response to a bare Rule 12(b)(6) motion. *Stephenson v. Gaskins*, 531 F.2d 765 (5th Cir. 1976); *see Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128, 137 n. 13 (1976).[4] Needless to say, we intimate no opinion on the merits of this potential defense.

■ As a fall-back position, the supervisory defendants argue that any retrial should be limited to the liability issue because the damages have been fixed by the

---

**3.** It is impossible to ascertain whether the judgment in *Beverly* was based on § 1983 liability or on liability under Georgia law. Sims' complaint asserts both § 1983 and state-law claims against the supervisory defendants. Bearing in mind our discussion of the interaction between § 1983 and state law in *Burton v. Waller*, 502 F.2d 1261, 1274–75 n. 6A (5th Cir. 1974), *cert. denied*, 420 U.S. 964, 95 S.Ct. 1356, 43 L.Ed.2d

442 (1975), *Beverly* requires identical treatment of the two claims at this stage of the proceedings.

**4.** We do not suggest that these authorities preclude a pretrial disposition based on the good-faith defense when the pertinent facts are adequately developed by the record.

unappealed award against Brock. Because the complaint asserts liability against the supervisory defendants based on their breach of an independent duty owed appellant, the request for punitive damages against the supervisory defendants is unaffected by the judgment against Brock. Beyond indicating that the remand is not limited to the liability issue, we decline to resolve prematurely the question of this possible limitation on compensatory recovery.

Sims' other argument on appeal is that the instructions to the jury were unduly repetitive in certain aspects and accompanied by prejudicial comments by the trial judge. A full consideration of the record indicates that these arguments are without merit. We likewise reject appellant's suggestion that the judgments in favor of the police defendants must be reversed because the dismissal of the supervisory defendants prevented him from fully presenting his case against the police defendants. The judgments in favor of the police defendants will not be disturbed.

AFFIRMED in part; REVERSED in part.