Earnest RICHARDSON,
Plaintiff-Appellant,

v.

The CITY OF CONROE, TEXAS, et al.,
Defendants-Appellees.

No. 78-1250

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 11, 1978.

Craig A. Washington, Houston, Tex., for plaintiff-appellant.

Fulbright, Crooker & Jaworski, John D. Gilpin, Houston, Tex., for defendants-appellees.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

Richardson brought this action under 42 U.S.C. § 1983 against the City of Conroe, Texas, its Mayor, its Chief of Police, and police officers Washington and Faulkner for gunshot wounds received in the course of his arrest by the two named officers. The facts leading to his injuries were disputed at trial. According to the officers, Washington approached Richardson at his residence in the rear of a tavern regarding a disturbance on the street. Richardson refused to cooperate, became abusive, and drew a pistol. The testimony further indicated that Richardson's injuries were inflicted when Faulkner, who had been summoned by Washington to assist in Richardson's arrest, accidentally discharged his gun while ducking an unexpected shot from Richardson. Richardson insists, however, that he was not armed at the time and that the only shot fired was Faulkner's.

The United States District Court for the Southern District of Texas dismissed the claim against the Chief of Police and the Mayor without objection. The case was then tried before a jury which found in favor of the remaining defendants. We affirm.

In this appeal Richardson raises three points. He first argues that the trial court erred in failing to charge the jury that a police officer may be held liable for a "constitutional tort" as a result of his negligence. Instead, the court charged the jury that if either of the officers had a "reasonably good faith belief that the actions he took on the occasion in question were proper," he must not be held liable. The record does not reveal that appellant objected to the charge as given, as required by Fed.R. Civ.P. 51. We do not base our decision on this possible procedural flaw. Rather, we hold that the court's charge as delivered adequately presented the issue. If the jurors believed Richardson's testimony and disbelieved that of Officer Faulkner, they

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

could have found Faulkner grossly negligent. But no jury could consistently find that the officers acted in good faith without finding that they were not grossly negligent.

Richardson's second contention is that the trial court erred in leading the jury to believe that appellant bore the burden of proving that the officers lacked good faith. This contention is clearly refuted by the charge itself. The jury interrogatories 1 and 2 involved the good faith defense; the court charged, "with respect to the Questions No. 1 and No. 2, the defendant has the burden of proof."

Richardson's final argument is that the trial court erred in not fully charging the jury in the law of the use of force allowable when effecting arrest. In support of this contention he asserts: "[t]he instant case is void of such aggravated circumstances [as] would warrant the shooting by Defendant-officers." However, the jury's reasonable finding that the officers acted in good faith directly refutes Richardson's interpretation of the facts.

AFFIRMED.