165 N.J. Super. 477 (1979)
398 A.2d 604
CARLOS DELGADO, PLAINTIFF,
v.
THE CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY; KENNETH A. GIBSON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY OF NEWARK; HUBERT WILLIAMS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE NEWARK POLICE DEPARTMENT; ANTHONY BARRES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF NEWARK; CHARLES ZIZZA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DEPUTY CHIEF OF POLICE OF THE CITY OF NEWARK, JAMES J. CAMPBELL, AND BRUCE VILET, POLICE OFFICERS OF THE POLICE DEPARTMENT OF THE CITY OF NEWARK, NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 18, 1979.
*478 Mr. Bernard K. Freamon for plaintiff.
Mr. Matthew J. Scola, Assistant Corporation Counsel, for defendant.
MARZULLI, J.S.C.
This action arises out of the Hispanic disturbances which took place over the Labor Day weekend of 1974. Plaintiff alleges he was injured by police gunfire while observing the disturbance as an innocent bystander. Such gunfire, plaintiff alleges, was excessive under the circumstances and served to render the City of Newark, officials of the city, superior officers and the individual police officers who fired the shots liable in tort for the damages he sustained.
Plaintiff's case is grounded upon two distinct theories: negligence and 42 U.S.C.A. § 1983. All defendants move *479 for judgment at the end of plaintiff's case on that portion of the complaint which alleges a § 1983 violation.
Initially it must be stated that the New Jersey courts have jurisdiction concurrent with the federal courts to entertain a federal cause of action, and thus a claim under § 1983. See, e.g., Endress v. Brookdale, 144 N.J. Super. 109 (App. Div. 1976).
As to the substantive merit of plaintiff's § 1983 claim, a short history of the section is necessary. It provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
While this section was originally interpreted so as to exclude municipalities as "persons" under the statute (see Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)), the Supreme Court has recently overruled Monroe v. Pape and has included municipalities as possible defendants within the purview of § 1983. Monell v. Department of Social Services, 436 U.S. 658; 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Monell court held that both local governments and local officials in their official capacity can be sued directly under § 1983 where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted by those who represent official policy. Id. at 98 S.Ct. 2036. Monell also held a local government cannot be held liable under § 1983 under the doctrine of respondeat superior  the wrong alleged must be pursuant to an official regulation or custom of some nature. Id. at 98 S.Ct. 2036.
A spate of litigation in the federal courts sheds light on precisely what type of injuries can be redressed under § 1983. One problem that has caused difficulty is the confusion between *480 a common law tort actionable under state law and a constitutional deprivation under § 1983. The Supreme Court has not expanded the protection given to plaintiffs who allege constitutional deprivations. In Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the United States Supreme Court issued a major policy decision limiting the scope of § 1983. A majority there held that only specific constitutional guarantees of the bill of rights incorporated into the Fourteenth Amendment (i.e., liberty and property interests protected by the Due Process Clause) and substantive fundamental limitations on government action implicit in the liberty concept of the Fourteenth Amendment can form the basis for a § 1983 action. Id. 424 U.S. at 710, 96 S.Ct. at 1164, 47 L.Ed.2d at 419. According to the court, a broader interpretation would fly in the face of the Fourteenth Amendment:
If respondent's view is to prevail, a person arrested by law enforcement officers who announce that they believe such person to be responsible for a particular crime in order to calm the fears of an aroused populace, presumably obtains a claim against such officers under § 1983. And since it is surely far more clear from the language of the Fourteenth Amendment that "life" is protected against state deprivation than it is that reputation is protected against state injury, it would be difficult to see why the survivors of an innocent bystander mistakenly shot by a policeman or negligently killed by a sheriff driving a government vehicle, would not have claims equally cognizable under § 1983.
It is hard to perceive any logical stopping place to such a line of reasoning. Respondent's construction would seem almost necessarily to result in every legally cognizable injury which may have been inflicted by a state official acting under "color of law" establishing a violation of the Fourteenth Amendment. We think it would come as a great surprise to those who drafted and shepherded the adoption of that Amendment to learn that it worked such a result, and a study of our decisions convinces us they do not support the construction urged by respondent. [424 U.S. at 698, 96 S.Ct. at 1159, 47 L.Ed.2d at 412]
The question of whether simple negligent conduct fits within § 1983 has not been resolved by the Supreme Court. Procunier *481 v. Navarette, 434 U.S. 555, 98 S.Ct. 855, 54 L.Ed.2d 24 (1978). The Seventh Circuit, however, has held that simple negligence cannot rise to the level of a § 1983 constitutional cause of action. Bonner v. Coughlin, 545 F.2d 565 (7 Cir.1976). Bonner quotes extensively from the policy language in Paul v. Davis, supra, which limits the application of § 1983:
In Paul v. Davis, 424 U.S. 693, 699, 96 S.Ct. 1155, 1159, 47 L.Ed.2d 405, the Supreme Court refused to hold that the due process clause of the Fourteenth Amendment and Section 1983 "make actionable many wrongs inflicted by government employees which had heretofore been thought to give rise only to state law tort claims." Bonner does not contend that the guards deliberately took his trial transcript in violation of the due process clause. Rather he asserts that their negligence permitted some one else to take it. As Paul explains, the Fourteenth Amendment does not extend to such a claim...
[h]ere the plaintiff has pointed to no specific constitutional guarantee against the negligence of the two prison guards, even though they may be tortfeasors under Illinois law. [at 566-567]
Turning to the present action, plaintiff's claim, pared to its essential elements, is that the City of Newark was negligent in hiring and training the officers who shot him, while the individual officers were negligent in using their weapons in such a way as to injure him. No claim of intentional behavior is alleged. As such, plaintiff's claim seems to fit squarely within the exclusionary rationale set out in Bonner, supra. Plaintiff's suit, grounded in negligence alone, cannot rise to a violation of § 1983, which requires a showing that the unconstitutional action was pursuant to an officially adopted policy, custom or regulation. Monell, supra 98 S.Ct. at 2036.
In the case at bar plaintiff has made no attempt to establish exactly which constitutionally protected right was violated by the police action. Rather, the case sounds in simple negligence. The requisite liberty or property interest *482 necessary to state a § 1983 claim simply does not exist. See Paul v. Davis, supra.
Motion for judgment on that portion of complaint granted as to all defendants.