Joseph COOK

v.

The CITY OF MIAMI, a municipal corporation, B. Charles Cutlaw, Individually and as a Police Officer of the City of Miami, Dale W. Thorp, Individually and as a Police Officer of the City of Miami, Vincent J. Smith, Individually and as a Police Officer of the City of Miami, Robert W. Campbell, Individually and as a Police Officer of the City of Miami.

No. 78-3225-CIV-JAG.

United States District Court,
S. D. Florida,
Civil Division.

Feb. 5, 1979.

Jeffrey L. Berkowitz, McCrary, Berkowitz & Davis, Miami, Fla., for plaintiff.

George F. Knox, Jr., Miami, Burton Young, John R. Barrett, North Miami Beach, Fla., for defendants, City of Miami, Garmire, Andrews and Ferre.

Weinsoff & Weinsoff, Miami, Fla., for defendant Smith; by Irving Weinsoff, Miami, Fla.

Fowler, White, Burnett, Hurley, Banick & Knight, P. A., Miami, Fla., for City of Miami, Bernard Garmire, and Vincent J. Smith (as co-counsel) by Michael J. Murphy.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court for review upon the following motions:

1) The Motion to Dismiss on behalf of the City of Miami, Bernard Garmire, Paul Andrews and Maurice Ferre.

2) The Plaintiff's Motion to Strike Affirmative Defenses.

3) The Defendant's Motion to Stay discovery pending disposition of the Motion to Dismiss; and

4) The Defendant's Motion to Strike claim for punitive damages.

Plaintiff, Joseph Cook, filed a complaint alleging claims based upon 42 U.S.C. §§ 1983, 1985; 28 U.S.C. § 1331, common law Assault & Battery and Common Law Negligence.

The Complaint essentially alleges that the Plaintiff, while employed by the City of Miami Police Department as an undercover narcotic detective, was brutally and viciously beaten without provocation by certain other members of the police department in the view of and with the acquiescence of the patrolmen's superior officer. The Plaintiff further alleges that the police department has enacted a de facto policy of condoning the misconduct of these defendants.

The Plaintiff has filed suit against B. Charles Outlaw, Vincent J. Smith, Dale W. Thorp and Robert Campbell as active participants in the conduct complained of. The plaintiff also joins as defendants the City of Miami, Maurice Ferre, as the Mayor of the city, Paul Andrews, as the City Manager, and Bernard Garmire, as the Chief of Police of the City of Miami Police Department.

The defendants, Ferre, Andrews, Garmire, and City of Miami, have moved to

dismiss the Plaintiff's 1983 claims as to them arguing that under the recent decision of *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) local government officials cannot be found liable predicated solely upon a theory of respondeat superior. Defendants reading of the *Monell* decision is correct. The application of the *Monell* decision to the facts sub judice, however, does not compel the dismissal sought by the defendants.

■ In ruling upon a motion to dismiss the Court does, of course, take all the well pled allegations of the complaint as true. *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1974); *National Bank of Commerce of Dallas v. All American Assurance Co.,* 583 F.2d 1295 (5th Cir. 1978); *Reid v. Hughes,* 578 F.2d 634 (5th Cir. 1978); and *Slavin v. Curry,* 574 F.2d 1256 (5th Cir. 1978).

■ The plaintiff's complaint alleges that the defendants Ferre, Andrews, and Garmire, acting as policy making officials of the City of Miami, failed to control the behavior of subordinate employees thereby ratifying the unreprimanded conduct and creating a de facto departmental policy. Taking these allegations as true, the defendants, Ferre, Andrews, Garmire and City of Miami could be found liable for the civil rights violations of Outlaw, Thorp, Smith and Campbell. See, *Turpin v. Mailet,* 579 F.2d 152 (2nd Cir. 1978). The Court finds that "personal participation" is not a necessary prerequisite to imposing liability upon the supervisory defendants. See *Sims v. Adams,* 537 F.2d 829 (5th Cir. 1976). The *Sims v. Adams* decision teaches that where a mayor and/or police chief breach their duty "to control a policeman's known propensity for improper use of force" 1983 liability may follow.

The defendants seek to have the plaintiff's claim for recovery predicated upon the Fourteenth Amendment to the United States Constitution dismissed. The defendants argue that a *"Bivens*-type" cause of action may not be asserted by a plaintiff where statutory relief is available. See e.

g. *Molina v. Richardson,* 578 F.2d 846 (9th Cir. 1978); Cf., *Curran v. Portland Superintending School Committee,* 435 F.Supp. 1063 (S.D.Me.1977). The Fifth Circuit, however, has rejected this argument. *Reeves v. City of Jackson,* 532 F.2d 491 (5th Cir. 1976), see also *Davis v. Passman,* 544 F.2d 865 (5th Cir. 1977).

■ The defendants also seek to have the plaintiff's demand for punitive damages stricken from the complaint. Defendants argument that punitive damages may not be awarded to redress a civil rights victim is not the law in this circuit. See *Claiborne v. Illinois Central Railroad,* 583 F.2d 143 (5th Cir. 1978); *Gore v. Turner,* 563 F.2d 159 (5th Cir. 1978); *Burnaman v. Bay City Independent School District,* 445 F.Supp. 927 (D.C.Tex.1978). See also *Shaw v. Garrison,* 545 F.2d 980 (5th Cir. 1977). *Basista v. Weir,* 340 F.2d 74 (3rd Cir. 1965); *Gill v. Manuel,* 488 F.2d 799 (9th Cir. 1973) and *Caperci v. Huntoon,* 397 F.2d 799 (1st Cir. 1968). See generally "Punitive Damages in Actions for Violations of Federal Civil Rights Acts", 14 A.L.R.Fed. 608 (1973).

■ Likewise the plaintiff's contention that the defendant police officers are not entitled to a qualified immunity has no foundation in the law of this circuit. See *Procunier v. Nauarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Richardson v. City of Conroe,* 582 F.2d 19 (5th Cir. 1978); *Downs v. Sawtelle,* 574 F.2d 1 (5th Cir. 1978); *Sims v. Adams,* 537 F.2d 829 (5th Cir. 1976); *Bryan v. Jones,* 530 F.2d 1210 (5th Cir. 1976). See also *Jennings v. Shuman,* 567 F.2d 1213 (1st Cir. 1977).

It is thereupon

ORDERED AND ADJUDGED as follows:

1) The Motion to Dismiss filed on behalf of the defendants, City of Miami, Bernard Garmire, Paul Andrews and Maurice Ferre, is hereby DENIED. These defendants are directed to file their Answer within ten [10] days of the date of this Order.

2) The defendants' Motion to Strike the plaintiff's demand for punitive damages is hereby GRANTED as to the state common law claims asserted in Counts Seven and Eight. See *Walker v. City of Miami*, 337 So.2d 1002 (3 DCA 1977). In all other respects the defendants' motion is DENIED without prejudice to reviewing said motion at the conclusion of the trial.

3) The defendants' Motion to Stay Discovery pending disposition of the Motion to Dismiss is hereby DENIED as moot.

4) The Plaintiff's Motion to Strike affirmative defenses numbered Four, Five and Six is hereby GRANTED, and as to affirmative defenses numbered Three and Seven is hereby DENIED.