Estate of Eugene Richard MOOMEY, Jr., Administrator, Eugene Richard Moomey, Sr. and all heirs at law

v.

CITY OF HOLLAND, Holland Police Department, and Charles Lindstrom, Chief of Police of Holland.

No. G 77–493 CA6.

United States District Court, W. D. Michigan, S. D.

May 5, 1980.

Benjamin H. Logan, II, Grand Rapids, Mich., for plaintiffs.

Joel M. Boyden, Baxter & Hammond, Grand Rapids, Mich., for defendants.

## OPINION AND ORDER

BENJAMIN F. GIBSON, District Judge.

The estate of Eugene Richard Moomey, Jr. brings this action under 42 U.S.C. § 1983 to recover damages consequent to the decedent's suicide while in custody at the Holland City Jail. The defendants have moved to dismiss for failure to state a claim, Fed. R.Civ.P. 12(b)(6); for judgment on the pleadings, Fed.R.Civ.P. 12(c); and, in the

alternative, for summary judgment, Fed.R. Civ.P. 56. The plaintiffs have laid answers to interrogatories and depositions before the Court, and these matters outside the pleadings require that the Court treat all defense motions as if for summary judgment under Rule 56. The Court hereby dismisses with prejudice the action against the City of Holland and its Police Department for failure to state a claim, and grants summary judgment to defendant Lindstrom, Chief of the Holland Police Department during the events in question. A dispute over the propriety of certain interrogatories propounded by the plaintiffs to defendant Lindstrom therefore need not be resolved.

Eugene Moomey, 19, was arrested by two Holland detectives on charges of making obscene phone calls around 11:00 a. m. on 24 September 1976. He was booked into the Holland City Jail at 12:40 p. m., signed a confession, and plead guilty before District Court Judge Van Wyke at 2:10 p. m. He was then returned to his cell, where at 3:34 p. m. he was found hanging by the neck in his own belt, suspended from the bars. Efforts to revive him failed, and he died shortly afterwards at Holland City Hospital. The plaintiffs allege, and defendant Lindstrom admits in his deposition, that Holland police policy called for confiscating all items from detainees which could cause harm to themselves or others. This class of items would include belts. The plaintiffs argue that the defendants were negligent in permitting Moomey to retain his belt, and so harm himself, in violation of his rights under the fourth, sixth and fourteenth amendments. Complaint at ¶¶ VIII, X. No higher degree, or other instance, of police misfeasance is alleged.

The question whether the alleged negligence rises to a constitutional claim need not be answered. *See generally Puckett v. Cox*, 456 F.2d 233, 234–35 (6th Cir. 1972) ("more than an isolated incident of negligent failure to protect must be alleged"). Assuming the truth of all facts stated in the complaint, and further assuming that the negligence of Moomey's jailers is actionable under § 1983, the case against the named defendants still warrants dismissal.

■ The Holland Police Department is merely a creature of the City, the real party in interest. Mich.Comp.Laws § 92.1. Under the standards for liability of governmental entities under § 1983 propounded in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the allegedly unconstitutional action must implement or execute a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers, or be taken pursuant to governmental custom, even if not formally approved. *Id.* at 690–91, 98 S.Ct. at 2035–36.

■ The Supreme Court's recent decision in *Owen v. City of Independence*, —— U.S. ——, 100 S.Ct. 1398, 63 L.Ed.2d 673, (1980), does not abandon or modify the standard for municipal liability under § 1983 set forth in *Monell*. *Owen* makes it clear that municipalities are not shielded by "good faith" immunity from § 1983 liability; but plaintiffs must still allege and prove acts deemed culpable under *Monell*. The merely negligent acts of the City's agents thus cannot constitute the essential element of action pursuant to an officially adopted policy, custom or regulation. *Delgado v. City of Newark*, 165 N.J.Super. 477, 398 A.2d 604, 606 (1979). Indeed, the plaintiffs allege that the offending act was *inconsistent* with official policy, not a product of it.

■ No allegation is made that Chief Lindstrom was personally involved in the negligent acts of his subordinates. He may not be held liable under § 1983, however, unless there appears an "affirmative link between the occurrence of the various incidents of police misconduct and the adoption of any plan or policy . . .—express or otherwise—showing [his] authorization or approval of such misconduct." *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1978). *Accord, Ronnei v. Butler*, 597 F.2d 564, 566 (8th Cir. May 15, 1979); *Duchesne v. Sugarman*, 566 F.2d 817, 830–1 (2nd Cir. 1977); *Kite v. Kelley*, 546

F.2d 334, 337 (10th Cir. 1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3rd Cir. 1976). The interrogatory answers and deposition of Chief Lindstrom reveal that he did not participate in, know of, authorize, or otherwise condone the acts in question. Without such involvement, he may not be held vicariously liable for the acts of officers in his command.

The case of *Cook v. City of Miami*, 464 F.Supp. 737 (S.D.Fla.1979) does not support the plaintiffs' sweeping proposition that a Chief of Police, as a supervisory official, is liable for the negligent supervision of his subordinates. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976), the authority on which *Cook* relies, teaches that liability may follow when "a police supervisor has notice of past culpable conduct of his subordinates and has failed to prevent a recurrence of such misconduct." *Id.* at 832. There is no allegation or indication that Chief Lindstrom knew or should have known of his officers' failure to adhere to department policy, and so approved their conduct by failing to halt it. The action against him must therefore be dismissed. The rule could hardly be otherwise. To hold a supervisor liable for the acts of his subordinates, when he has no reason to know of and change them, would be to reintroduce the simple vicarious liable rejected in *Rizzo v. Goode*.

The plaintiffs on 21 June 1978 requested leave to amend their original complaint to add as parties defendant the two police officers who booked Moomey into the Holland City Jail. An amended complaint to this effect, dated 28 April 1980, has been received by the Court, and will be treated as a motion for leave to amend pursuant to Fed.R.Civ.P. 15. Although counsel for the original named defendants stated at oral argument that he had no objection to the proposed amendment, the matter cannot be disposed of in this manner since there is nothing in the record showing that counsel is authorized to speak for these persons. The Court cannot pass upon the propriety of the amendment under Rule 15 until the putative defendants have been heard from, and reserves judgment on the motion.

Plaintiff is directed to serve a copy of the motion to amend on each of the defendants on or before June 1, 1980 and reschedule the motion for oral argument.

IT IS SO ORDERED.