**George HILL and Mabel Hill, Plaintiffs,**

**v.**

**Officer MARINELLI, et al., Defendants.**

**No. 81 C 5346.**

United States District Court,
N.D. Illinois, E.D.

July 23, 1982.

414

George J. Michaels, Chicago, Ill., for plaintiffs.

Richard M. Daley, Cook County State's Atty., Fran Norek, Asst. State's Atty., Chicago, Ill., for defendants.

Memorandum

LEIGHTON, District Judge.

Plaintiffs George and Mabel Hill bring this action pursuant to 42 U.S.C. § 1983 against Cook County, Richard Elrod, Cook County Sheriff, and four Cook County Sheriff's police officers, alleging that defendants' actions violated their rights as protected by the First, Fourth, Fifth and Fourteenth Amendments to the United

States Constitution. Defendants Cook County, Richard Elrod and Officer Leonard Koziol have presented, pursuant to Fed.R. Civ.P. 12(b)(6), separate motions to dismiss Count II of the complaint for failure to state a claim for which relief can be granted. After careful consideration of the parties' submissions and the relevant law, the court grants Officer Koziol's motion to dismiss and denies the motions of Cook County and Sheriff Elrod. The facts as alleged in plaintiffs' complaint and taken as true, are as follows.

On September 27, 1980 at approximately 12:45 p.m., plaintiffs left the Now and Then Antique Shop, which is located at 6928 N. Clark Street in Chicago. As they attempted to get into their car, they were arrested by Officers Marinelli and O'Dea for allegedly attempting to sell stolen jewelry. The arrest was made without a warrant and without probable cause. Plaintiffs were taken to the headquarters of the Cook County Sheriff's Police in Maywood, Illinois. There they were interrogated by defendants Marinelli and O'Dea. During the interrogation, plaintiffs were subjected to verbal abuse, harrassment, threats of physical injury and threats of loss of property. Plaintiff Mabel Hill began suffering stress related symptoms such as extreme anxiety, loss of breath and hysteria. She requested and was refused medical attention. She also was denied access to the bathroom for an extended period of time. When she was finally allowed to use the washroom she was subjected to a body cavity search by an unidentified female officer. While plaintiffs were in custody, jewelry and other valuables were taken from their possession by the officers but they were not given any receipt for their property. After more than six hours, plaintiffs were released; they were never formally charged, they were not informed of their rights, nor were they given the reason for the detention of their persons and their property. On September 30, 1980 plaintiffs filed a complaint with and gave statements to the Internal Investigation Department of the Cook County Sheriff's Police regarding their arrest and detention on September 27. An investigation was conducted by Officer Koziol which resulted in no action being taken by the Sheriff's Office. Plaintiffs allege that the deprivation of their constitutional rights was caused by Cook County and Elrod's negligent failure to instruct, supervise, control, investigate and discipline the officers involved in this action, and their direct or indirect approval or ratification of the officers' conduct.

### Claims Against Cook County

Cook County's motion to dismiss raises two issues. 1. Whether plaintiffs have sufficiently alleged a custom or policy that is causally linked to the alleged constitutional deprivations. 2. Whether negligence is sufficient to state a claim under Section 1983. Resolution of these issues requires a review of the applicable law.

A municipality's liability under Section 1983 is governed by the Supreme Court's ruling in *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, (1978). Under that decision, a municipality is not vicariously liable under Section 1983 for the tortious acts of its employees. It can, however, be held liable for constitutional violations which are proximately caused by any official policy or custom of the municipality. "Official policy" has been defined to include the tacit or implied approval, authorization or encouragement of police misconduct. *Turpin v. Mailet,* 619 F.2d 196, 201–202 (2nd Cir.1980). Several courts have held that allegations of a general failure to train, supervise and control police officers are sufficient to state a claim against a municipality under *Monell. Herrera v. Valentine,* 653 F.2d 1220, 1224–5 (8th Cir.1981); *Turpin; McClelland v. Facteau,* 610 F.2d 693 (10th Cir.1979); *Owens v. Haas,* 601 F.2d 1242 (2d Cir.1979), *cert. denied* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979); *Sims v. Adams,* 537 F.2d 829 (5th Cir.1976); *Means v. City of Chicago,* 535 F.Supp. 455 (N.D.Ill.1982); *Smith v. Hill,* 510 F.Supp. 767 (D.Utah 1980); *Edmonds v. Dillin,* 485 F.Supp. 722 (N.D.Ohio 1980); *Wilkinson v. Ellis,* 484 F.Supp. 1072

(E.D.Pa.1980); *Popow v. City of Margate,* 476 F.Supp. 1237 (D.N.J.1979); *Cook v. City of Miami,* 464 F.Supp. 737 (S.D.Fla.1979); *Leite v. City of Providence,* 463 F.Supp. 585 (D.R.I.1978). Under these cases plaintiffs have sufficiently alleged a policy of Cook County which would support a claim under Section 1983.

Some courts in this district, however, have added an additional requirement that necessitates looking to the facts underlying the allegations. In several recent opinions, these courts have held that allegations of a single unconstitutional act are insufficient to establish a policy and state a claim against a municipality. *Williams v. City of Chicago,* 525 F.Supp. 85 (N.D.Ill.1981); *Spriggs v. City of Chicago,* 523 F.Supp. 138 (N.D.Ill.1981); *Hamrick v. Lewis,* 515 F.Supp. 983 (N.D.Ill.1981); *Gomez v. City of West Chicago,* 506 F.Supp. 1241 (N.D.Ill. 1981). The problem with the approach adopted in these cases is that it imposes a pleading requirement on Section 1983 cases greater than that found in the Federal Rules and the teachings of the Supreme Court. As the Court held in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957):

> ... the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

■ The fact that the policy required to state a claim under *Monell* can be easily alleged, does not, in this court's view abrogate established principles of federal pleading. In a recent opinion, Judge Shadur addressed the apparent distinction between the federal rules and the strict pleading requirements imposed by some courts in Section 1983 cases. In words which this court adopts, he said that:

> Although it is strongly sympathetic to the problems of a governmental body confronted with claims predicated on nothing more than supposition, the court finds it difficult to reconcile such judicial legislation with the mandates of Rule 8(a) and such cases as *Conley.* When a requirement of specific allegations is needed, the Rules know how to impose it—see Rule 9(b), requiring particularity as to circumstances constituting fraud or mistake, and Rule 9(g), requiring specific statement of items of special damages. There is a necessary negative implication from a failure to specify a comparable requirement for Section 1983 cases—and certainly the Rules do not so specify.

*Thompson v. Village of Evergreen Park,* 503 F.Supp. 251, 252 (N.D.Ill.1980); *accord Means,* 535 F.Supp. at 459. This court agrees with Judge Shadur that the imposition of a requirement of factual specificity in Section 1983 cases is inconsistent with the provisions of Rules 8 and 9. A plaintiff is not required to enumerate a detailed factual basis in support of his policy allegations in order to state a claim against a municipality under Section 1983. All that is required are allegations of a specific policy or custom that can, under some set of facts, be causally linked to the injury claimed.

■ In Count II of their complaint, plaintiffs have alleged a specific policy of Cook County; the failure to train, supervise and discipline its police officers. Although the causal connection between this policy and plaintiffs' injuries may not be a strong one, this court is constrained from concluding that plaintiffs can prove no set of facts which would establish such a connection. The County can be held liable if plaintiffs can show that it had notice of prior misconduct on the part of the officers involved, *Herrera,* 653 F.2d at 1224; *Turpin,* 619 F.2d at 201, or if they prove that the training of the police officers was done in a grossly negligent manner. *Herrera,* 653 F.2d at 1224; *Owens,* 601 F.2d at 1246; *Leite,* 463 F.Supp. at 590. Thus, plaintiffs have satisfied the requirements of *Monell* and have adequately alleged a policy or custom that can be causally linked to their alleged injuries.

Plaintiffs have alleged that Cook County acted negligently in its training, supervision and discipline of its police officers. The question of whether a claim under Section 1983 may be founded upon negligent conduct has engendered substantial disagreement among the federal courts. The majority of courts, including the Seventh Circuit in *Bonner v. Coughlin,* 545 F.2d 565 (7th Cir.1976) (en banc), *cert. denied,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978), have held that negligence is not sufficient to support a claim under Section 1983. The Supreme Court has never directly ruled on the issue. However, in its recent decision *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Court made it clear that negligence actions are not foreclosed under Section 1983.

> Nothing in the language of § 1983 or its legislative history limits the statute solely to intentional deprivations of constitutional rights. In *Baker v. McClollan* [443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433], we suggested that simply because a wrong was negligently as opposed to intentionally committed did not foreclose the possibility that such action could be brought under § 1983.... Section 1983, unlike its criminal counterpart, 18 U.S.C. § 242, has never been found by this Court to contain a state-of-mind requirement.

*Parratt,* 451 U.S. at 534, 101 S.Ct. at 1912. This court agrees with the view expressed by Judge Marshall in *Means v. City of Chicago,* 535 F.Supp. at 462, that the language and reasoning of *Parratt* put the majority position—that more than negligence is needed to state a claim against a municipality under Section 1983—in question. However, the court need not address this issue here because the complaint includes allegations of approval and ratification of the alleged misconduct, and it can fairly be construed to include allegations of gross negligence and recklessness. Accordingly, the court concludes that plaintiffs have stated a claim for which relief can be granted against Cook County, and its motion to dismiss must be denied.

### Claims Against Sheriff Elrod

Sheriff Elrod, as a supervisory employee, cannot be held liable under Section 1983 unless he had personal knowledge of, or direct involvement in the actions complained of. *Adams v. Pate,* 445 F.2d 105, 107 (7th Cir.1971); *Mayes v. Elrod,* 470 F.Supp. 1188, 1194 (N.D.Ill.1979). The policies complained of are the failure to train, supervise and discipline police officers, and the approval or ratification of the officers' unlawful conduct. Plaintiffs have specifically alleged that Elrod had knowledge of these policies and of the actions of the police officers involved in this case. They have also alleged that defendant Elrod's actions or omissions were the proximate cause of the violations of their constitutional rights. These allegations are sufficient to state a claim against Elrod under Section 1983, and his motion to dismiss must also be denied.

### Claims Against Officer Koziol

Officer Koziol is only mentioned once in the complaint. Plaintiffs allege that he conducted the investigation of their claim filed with the Internal Investigation Department. No other allegations are made against him. He is not alleged to have participated or acquiesced in the conduct of any of the other defendants. Further, none of his actions are alleged to be causally connected to any of the actions of the other defendants. In short, the complaint is devoid of any allegations of wrongdoing on the part of Officer Koziol. The court can find nothing in the complaint which would support a claim under Section 1983 against him.

For these reasons, Cook County and Richard Elrod's motions to dismiss are denied; Officer Koziol's motion to dismiss is granted, and this case is dismissed as to him.